UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | | |
|---|---|---|
| NORTHWEST AIRLINES, INC., a Minnesota corporation, | ) | |
| | ) | CASE NO. 00-889 PAM/JGL |
| Plaintiff, | ) | |
| v. | ) | STIPULATED PROTECTIVE ORDER |
| AUTOBAHN INTERNET SERVICES, INC., an Oregon corporation, | ) | |
| Defendant. | ) | |

Pursuant to Fed. R. Civ. P. 26 (c), the Parties, and each of them, hereby agree through their undersigned counsel to the following Stipulated Protective Order.

DEFINITIONS

1. "Confidential Information" means all information, documents, discovery responses, and other materials produced or otherwise conveyed during this litigation and designated in good faith by the Producing and Designating Party as "Confidential - Pursuant to Court Order" at the time of production or conveyance. Such information includes a Producing or Designating Party's (a) proprietary technical, research or development information; (b) trade secrets; (c) know-how; or (d) sensitive marketing, business or financial information.

2. "Confidential Information" shall include all information, documents and things referring or relating to the foregoing, including but not limited to copies, summaries and abstracts of the foregoing. No item shall be deemed protected by this Order if it is disclosed in a printed



RATOZA LONG, P.C., Attorneys At Law
121 SW Morrison Street, Suite 900
Portland, Oregon 97204-3164
Telephone: (503) 228-0691

FILED 8-7-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

publication, is publicly known, or is or comes to be publicly known through means not constituting breaches of this Protective Order. Further, this Order shall not be deemed to cover items obtained by a party independently of this proceeding.

3. "Producing Party" means the party or third party that produces Confidential Information.

4. "Receiving Party" means any party or third party receiving Confidential Information.

5. "Designating Party" means the party or third party that designated its own materials or those of any other party or non-party as Confidential Information.

6. "Authorized personnel" means:

a. Members, associates and employees of Ratoza Long, P.C. and Cragg & Thone PLLP who are involved in the prosecution of this litigation.

b. Members, associates and employees of Dorsey & Whitney, LLD who are and have reason to be involved in the defense of this litigation.

c. Outside experts or outside consultants for Plaintiff or Defendant, individually or collectively, including employees of those outside experts or outside consultants, whose advice and consultation are being or will be used by such party in connection with this proceeding, including any motions in this proceeding. Each such outside expert or outside consultant shall execute an undertaking in the form annexed hereto as Exhibit A, prior to the disclosure to him or her of any Confidential Information. All such undertakings executed by outside experts or consultants shall be transmitted to the other party no later than 20 days prior to the disclosure of any such information. If a party believes that disclosure of Confidential Information to such person could injure or



RATOZA LONG, P.C., Attorneys At Law
121 SW Morrison Street, Suite 900
Portland, Oregon 97204-3164
Telephone: (503) 228-0691

prejudice the producing party, that party may object, in writing, within 10 days of the receipt of the undertaking to the party who selected the expert or consultant. No party may object to the selection of an expert or consultant unreasonably. If a party objects pursuant to the provisions of this paragraph and the parties cannot resolve their dispute on the terms of disclosure, the party making the objection may apply to the court for an order baring disclosure of Confidential Information to such person, or other appropriate relief. However, no disclosure of Confidential Information shall be made to any such expert or consultant with respect to whom an objection has been made, provided that an application is made to the Court within 10 days of notice that the parties cannot resolve their dispute (or such longer period agreed to by the parties in writing).

d. Present or former party employees, or officers or directors of a party, whose review of the specific Confidential Information is reasonably necessary to assist in the prosecution or defense of this litigation. Or,

e. Any person who (1) prepared or was involved in the preparation of any document, information or other tangible medium or (2) who received or reviewed such document, information or tangible medium for business purposes other than this litigation. Such person shall be considered "Authorized Personnel" solely with respect to the specific document, information or tangible medium for which the person was involved in the preparation of, or which the person received or reviewed.

7. At the time documents containing Confidential Information are produced or disclosed, any document that the Producing or Designating Party desires to designate as Confidential Information shall be stamped or marked on each page by the following reference: "CONFIDENTIAL



RATOZA LONG, P.C., Attorneys At Law
121 SW Morrison Street, Suite 900
Portland, Oregon 97204-3164
Telephone: (503) 228-0691

- PURSUANT TO COURT ORDER." Items other than source documents (such as interrogatory answers, affidavits, computer programs, etc.) shall be marked at a time and in a conspicuous manner appropriate to the items in question. In the case of inadvertent disclosure, documents or information can be later designated as Confidential Information within a reasonable period following disclosure.

8. Deposition testimony that a party believes qualifies in whole or in part for treatment as Confidential Information shall be appropriately designated as set forth in Paragraph 7 no later than 30 days after receipt of the deposition transcript. Prior to the expiration of the 30-day period, all material in deposition transcripts shall be treated as Confidential Information. The party claiming confidentiality for any deposition transcript, or portion thereof, or any deposition exhibit, shall arrange for the reporter to label the relevant portion(s) of the transcript and exhibit(s): Confidential - Pursuant to Court Order. Portions of a deposition which contain Confidential Information shall be taken only in the presence of persons entitled access to such information under Paragraph 13.

9. In the event that the Receiving Party disagrees with the designation by the Producing or Designating Party of any Confidential Information, then the parties initially will try to resolve the dispute on an informal basis. If the parties are unable to resolve such a dispute informally, the Receiving Party may apply to the Court for relief. The Producing Party will bear the burden of establishing that the information merits the confidentiality designation. Any such disputed items shall be treated as Confidential Information and subject to the protections of this Order unless and until the Court determines otherwise. Neither party shall be obligated to challenge the propriety of a Confidential Information designation, and failure to do so shall not constitute an admission that any item or information is in fact Confidential Information, nor preclude a subsequent challenge to



RATOZA LONG, P.C., Attorneys At Law
121 SW Morrison Street, Suite 900
Portland, Oregon 97204-3164
Telephone: (503) 228-0691

the propriety of such designation in accord with this Order.

10. A copy of this Protective Order shall be furnished to each third party required to produce documents. Such third parties may produce documents designated as Confidential Information pursuant to the terms of this Protective Order and all such information shall be treated in accord with this Protective Order. A third-party's confidentiality designation shall be subject to the provisions of Paragraph 9.

11. Discovery in this proceeding may involve receipt from non-parties of information, documents, things or testimony that include or contain Confidential Information of a party. The third-party may designate its production as Confidential Information to the extent the third-party deems appropriate.

12. No Confidential Information shall, without prior written consent of the Producing Party, (a) be disclosed to anyone other than the Court and the personnel specified in Paragraph 13 hereof; or (b) be used for any purpose whatsoever other than the prosecution or defense of this proceeding. Nothing herein shall detract from or affect in any way confidentiality obligations to which the parties may be subject pursuant to agreements independent of this proceeding.

13. Access to and disclosure of Confidential Information marked and identified in accordance with this Order shall be limited to Authorized Personnel listed in Paragraphs 6(a)-(e)

14. Execution of this Order by counsel for a party shall constitute a representation by outside counsel that they and all persons employed by their firm will abide by the terms of this Order and will subject themselves to the jurisdiction of this Court for purposes of enforcement and disciplinary action.



RATOZA LONG, P.C., Attorneys At Law
121 SW Morrison Street, Suite 900
Portland, Oregon 97204-3164
Telephone: (503) 228-0691

15. All materials containing or comprising Confidential Information that are filed with the Court shall be filed under seal and kept under seal until further order of the Court. This restriction includes all motions and affidavits/declarations (with exhibits) filed with the Court. Where possible, only confidential portions of Court filings shall be filed under seal.

16. At any hearing relating to this proceeding, subject to the rules of evidence and order of the Court, a party may use any Confidential Information for any purpose, provided that counsel for the opposing party may, at the time of such proposed use, move for an appropriate protective order.

17. This Order shall not prevent Plaintiff or Defendant, individually or collectively, from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing between themselves to modification of this Order, subject to the approval of the Court.

18. Upon final termination of this proceeding, each party and all other persons subject to the terms of this Order shall be under an obligation to collect and return to the Producing Party all copies of Confidential Information and all copies and notes made therefrom or summaries thereof, or to certify that they have been destroyed; provided, however, that each outside counsel may retain one complete and unredacted set of pleadings and papers filed with the Court or served on the other party and may retain attorney work product documents.

19. Nothing in this Order shall prevent or inhibit a party from using its own confidential documents.

20. This Order shall survive the final termination or this proceeding with respect to any



RATOZA LONG, P.C., Attorneys At Law
121 SW Morrison Street, Suite 900
Portland, Oregon 97204-3164
Telephone: (503) 228-0691

retained Confidential Information.

IT IS SO ORDERED this 7 day of ~~July~~ Aug, 2000.

Magistrate Judge Jonathan Lebedoff

IT IS SO STIPULATED AND AGREED:

FOR PLAINTIFF:

Thomas Tinkham (MN# 110176)
Joshua J. Burke (MN# 257011)
DORSEY & WHITNEY, LLP
220 S. Sixth Street, Suite 1700
Minneapolis, Minnesota 55402

FOR DEFENDANT:

Michael M. Ratoza (OSB No. 76301)
RATOZA LONG, P.C.
121 S.W. Morrison Street, Suite 900
Portland, Oregon 97204-3164

Jeffrey W. Thone (MN #200232)
Cragg & Thone PLLP
1011 First Street South, Ste. 310
Hopkins, MN 55343



RATOZA LONG, P.C., Attorneys At Law
121 S.W Morrison Street, Suite 900
Portland, Oregon 97204-3164
Telephone: (503) 228-0691

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

| | |
|---|---|
| NORTHWEST AIRLINES, INC., a Minnesota corporation, Plaintiff, v. AUTOBAHN INTERNET SERVICES, INC., an Oregon corporation, Defendant. | CASE NO. 00-889 PAM/JGL<br>STIPULATED PROTECTIVE ORDER |

STATE OF ____________________)
) ss
COUNTY OF ___________________)

I, ______________________________, am employed by ______________________ and hereby acknowledge that I am about to receive Confidential Information supplied by__________________________, as defined in the Stipulated Protective Order filed in the above-captioned matter, and that I have been given a copy of and have read and understand my obligations under that Order. I hereby agree to be bound by the terms of the Order. I clearly understand that the Confidential Information and my copies or notes relating thereto shall not be disclosed to or discussed with anyone not similarly bound by the Stipulated Protective Order. At the conclusions of the proceeding, I will return all materials containing Confidential Information, copies thereof and notes that I have prepared relating thereto, to counsel of record for the party who

disclosed the Confidential Information to me. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order and waive any and all objections to jurisdiction and venue for that purpose.

Dated:_______________________.

_____________________________________

SUBSCRIBED AND SWORN TO before me this___________ day of_______________, 2000.

_____________________________________

NOTARY PUBLIC OF_____________________

My Commission Expires:_________________

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## *Guidelines for filing with a U.S. District Judge or Magistrate Judge:*

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 8/92